UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID MORALES, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> CIMARRON ENERGY INC., <br><br> Defendant. | **No: 4:22-cv-3219** <br><br> JURY TRIAL DEMANDED |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.   SUMMARY**

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – hourly paid VRU[1] Technicians and similar positions (collectively "VRU Techs" or "Class Members") – who have worked for Cimarron Energy Inc. ("Cimarron Energy") in the United States.

2. Headquartered in Houston, Texas, Cimarron Energy is a "primary solution provider that engineers and manufactures environmental control, production and process equipment for the upstream, midstream and downstream energy industries, as well as environmental control solutions for biogas at wastewater facilities, digester tanks, landfills, breweries and the aerospace industry."[2] Cimarron Energy is actively operating around the United States, including but not limited to, throughout the states of Texas, New Mexico, Pennsylvania, and Oklahoma.

---

[1] VRU stands for "Vapor Recovery Unit." *See* https://cimarron.com/environmental-solutions/vapor-recovery-systems/
[2] *About us*, Cimarron Energy Website (available at https://cimarron.com/about-us/#C1).

3. In order to offer its services, Defendant employs dozens of VRU Technicians company-wide at any given time.

4. Defendant at all times has compensated Plaintiff and other VRU Techs on an hourly rate. Defendant also paid Plaintiff and other VRU Techs with job bonuses based on the amount and types of parts installed on its customers' job site equipment.

5. Despite being non-exempt employees, Defendant failed to properly pay Plaintiff and other VRU Techs overtime compensation at 1.5 times their regular rate of pay when they worked over 40 hours per workweek.

6. Specifically, Defendant does not factor in these non-discretionary job bonuses into Plaintiff's and VRU Tech's regular rates of pay for the purposing of paying overtime.

7. Defendant also instituted a policy and practice where they do not compensate Plaintiff and VRU Techs for all compensable hours worked. Specifically, Plaintiff and other VRU Techs arrive at their assigned equipment yard and prepare for the workday. For instance, VRU Techs arrive at the shop or meet up location and load the day's supplies and materials into the work trucks, clean the work trucks, organize the work trucks, and otherwise prepare for the day's job assignments. VRU Techs then depart with via company pick-up truck to their assigned job site(s).

8. Defendant has instituted a policy and practice in which they do not compensate VRU Techs for all the time spent working at the yard in the mornings.

9. Plaintiff brings this action on behalf of himself and similarly situated current and former VRU Techs who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

10. Plaintiff also brings this action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22, ("NMMWA") pursuant the Federal Rules of Civil Procedure 23 ("Rule 23") on behalf of all VRU Techs paid by the same compensation method by Defendant within the State of Mexico at any time prior to the filing of this action and the date of final judgment in this action (the "New Mexico Class").

## II. JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. This Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

13. The Court has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391.

15. Defendant conducts substantial business operations in this District and Division.

16. Defendant is headquartered within this District and Division.

## III. THE PARTIES

### David Morales

17. David Morales ("Morales") is an adult individual who is currently a resident of the State of New Mexico. Morales performed work for Defendant in Texas and New Mexico during his employment.

18. Morales was employed by Defendant as a VRU Technician from approximately January 2020 through June 2021.

19. Plaintiff's consent to be a party plaintiff is attached as <u>Exhibit A</u>.

20. Morales brings this action on behalf of himself and all other similarly situated VRU Technicians who were paid on an hourly basis with job bonuses, and who did not receive overtime compensation for all compensable time worked.

21. The FLSA collective of similarly situated workers consists of:

> **All Cimarron Energy employees who: (1) worked as a VRU Technician (or similar position) in the past three years; and (2) did not receive overtime at the appropriate overtime rate for hours worked after forty in a workweek** ("Putative Collective Members").

22. Plaintiff also seeks class certification of such a class under Rule 23 under the NMMWA. The NMMWA Rule 23 Class consists of:

> **All Cimarron Energy employees who: (1) worked as a VRU Technician (or a similar position) in New Mexico in the past three years; (2) did not receive overtime at the appropriate overtime rate for hours worked after forty in a workweek** ("Putative Class Members").

**Cimarron Energy Inc.**

23. Cimarron Energy employed Plaintiff and all the similarly situated employees.

24. Cimarron Energy had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

25. At all relevant times, Cimarron Energy was Plaintiff's employer within the meaning of the FLSA and NMMWA.

26. Cimarron Energy is a foreign business corporation doing business throughout the United States, organized and existing under the Laws of Delaware.

27. Cimarron Energy Inc.'s corporate headquarters is located at 11025 Equity Drive, Suite 200, Houston, Texas 77041.

28. Cimarron Energy Inc. may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

29. At all relevant times, Cimarron Energy maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

30. Cimarron Energy is the corporate payor that appears on Plaintiff's paystubs.

31. Cimarron Energy applied the same employment policies, practices, and procedures, with respect to payment of overtime compensation, to all VRU Technicians at their worksites throughout the United States.

32. Upon information and belief, at all relevant times, Cimarron Energy has had an annual gross volume of sales in excess of $500,000.00.

## IV.   COVERAGE UNDER THE FLSA

33. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

35. At all times hereinafter mentioned, Defendant has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as equipment, parts, vehicles, tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendant has had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

36. At all times hereinafter mentioned, Plaintiff and VRU Technicians were engaged in commerce or in the production of goods for commerce.

## V. FACTS

**David Morales**

37. Morales was employed by Defendant as a VRU Technician from approximately January 2020 through June 2021.

38. Morales performed work for Defendants throughout West Texas and New Mexico.

39. During his employment, Morales generally worked the following schedule (unless he missed for vacation, sick days, or holidays): 5 days per week, with normally 2 weekends a month on call.[3]

40. When working on normal duty, Morales generally arrived at Defendant's yard in Carlsbad, New Mexico between 5:55 am to 6:00 am.

41. Morales would arrive home after his final job site between 8:00 pm and midnight, depending on the location of the final job site.

42. Morales would then spend approximately 15 minutes upon arriving at home finalizing any reports necessary.

43. During the course of his employment, Morales regularly worked over 40 hours per week.

44. Morales was a non-exempt employee under the FLSA and NMMWA.

45. Cimarron Energy paid Morales on an hourly basis with non-discretionary job bonuses.

46. Cimarron Energy paid Morales the job bonuses based on the amount and type of part installed by Morales at customers' job sites.

47. Cimarron Energy paid the job bonuses pursuant to an agreement regarding the when the bonuses would be paid and the amount of those bonuses.

---

[3] Morales was placed temporarily on light duty after a work-place injury that occurred on or around November 5, 2020. He returned to normal working hours in approximately January 2021.

48. Despite regularly working over 40 hours per workweek, Defendant failed to correctly compensate Morales with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work.

49. Defendant also failed to factor in job bonuses into Morales' overtime rate of pay.

## VI. FLSA VIOLATIONS

50. As set forth herein, Defendant violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

51. Defendant, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative VRU Technicians overtime compensation.

52. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

53. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. NMMWA VIOLATIONS

54. Plaintiff brings this claim under the NMMWA as a Rule 23 class action.

55. The conduct alleged violates the NMMWA (N.M. Stat. Ann. §50-4-22).

56. At all relevant times, Defendant was subject to the requirements of the NMMWA.

57. At all relevant times, Defendant employed Plaintiff and each Putative Class Member with New Mexico state law claims as an "employee" within the meaning of the NMMWA.

58. The NMMWA requires employers like Defendant to pay employees at 1.5 times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Putative Class are entitled to proper overtime pay under the NMMWA.

59. Defendant had a policy by which VRU Technicians and each member of the Putative Class were not paid proper overtime compensation for all compensable hours worked that included all forms of compensation received.

60. Plaintiff and each Putative Class Member seeks unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

61. Plaintiff and each Putative Class Member also seeks recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the NMMWA.

62. The improper pay practices at issue were part of a continuing course of conduct, entitling Plaintiff and each Putative Class Member to recover for all such violations, regardless of the date they occurred.

**VIII.   CLASS AND COLLECTIVE ACTION**

63. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the class and collective.

64. Dozens, if not hundreds, of individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NMMWA.

65. Numerous other individuals who worked with Plaintiff indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

66. Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal pay practice was imposed on the Putative Collective Members and the Putative Class Members.

67. The Putative Collective Members and the Putative Class Members were all denied overtime compensation when they worked in excess of 40 hours per week.

68. Defendant is an "employer" of the Putative Collective Members and the Putative Class Members.

69. Defendant's failure to pay overtime compensation at the rates required by state and/or federal law results from generally applicable, systematic policies and practice which are not dependent on the personal circumstances of the Putative Collective Members or the Putative Class Members.

70. Cimarron Energy's decision to exclude job bonuses from the Putative Collective Members and the Putative Class Members is based on a generally applicable policy.

71. Plaintiff's experiences are therefore typical of the experiences of the Putative Collective Members and the Putative Class Members.

72. The specific job titles or precise job locations of the Putative Collective Members and the Putative Class Members do not prevent class or collective treatment.

73. Plaintiff has no interest contrary to, or in conflict with, the Putative Collective Members and the Putative Class Members.

74. Like each Putative Collective and Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

75. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

76. Absent this action, many Putative Collective Members and Putative Class Members likely will not obtain redress of their injuries and Defendant will repeat the unjust benefits of violating the FLSA and applicable state labor laws.

77. Furthermore, even if some of the Putative Collective Members and the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

78. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

79. The question of law and fact common to each class member predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a) Whether Defendant employed the members of the class within the meaning of the FLSA and the NMMWA;

   b) Whether Defendant's decision to not pay time and a half for all overtime hours worked and to not factor in non-discretionary bonuses into overtime rates of pay was made in good faith;

   c) Whether Defendant's violation of the law was willful; and

   d) Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Collective Members and Putative Class Members.

80. Plaintiff's claims are typical of the claims of the Putative Collective Members and the Putative Class Members.

81. Plaintiff, the Putative Collective Members, and the Putative Class Members have sustained damages arising out of Defendant's illegal and uniform employment policy.

82. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

84. Morales demands a jury trial on all issues so triable.

## IX.     RELIEF SOUGHT

Plaintiff respectfully requests that this Court grant the following relief:

a) An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

b) For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and the Putative Collective Members for liquidated damages equal in amount to their unpaid compensation;

c) For an Order designating the Putative Class Members NMMWA claims as a class action pursuant to Fed. R. Civ. P. 23;

d) For an order finding Defendant liable for all unpaid overtime owed under the NMMWA at the highest available rates allowed by law, plus liquidated damages;

e) For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of both the federal and state law classes;

f) For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest; and

g) For an Order granting such other and further relief a may be necessary and appropriate.

Dated: September 20, 2022

Respectfully submitted,

**/s/ Richard J. (Rex) Burch**
**BRUCKNER BURCH PLLC**
Richard (Rex) Burch
David Moulton
11 Greenway Plaza #3025
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**

Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

*Attorneys for the Plaintiff and Putative Class & Collective*

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against CIMARRON ENERGY and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 40% of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*David Morales (Jul 14, 2021 14:32 MDT)*
Signature

David Morales
Full Legal Name (Print)